**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos RAMOS–SANCHEZ,
Defendant–Appellant.**

No. 14–50026.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 23, 2014.[*]

Filed Oct. 1, 2014.

Janet Cabral, Bruce R. Castetter, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Alana B. McMains, Esquire, Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

### MEMORANDUM [**]

Carlos Ramos–Sanchez appeals from the district court's judgment and challenges the 14–month consecutive sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ramos–Sanchez first contends that the district court erred by failing to (i) independently calculate the Sentencing Guide-

lines range, (ii) consider the applicable 18 U.S.C. § 3553(a) sentencing factors, other than deterrence, and (iii) explain adequately the sentence imposed. We disagree. The record reflects that the district court adopted the correctly-calculated Guidelines range provided by the probation officer, adequately considered the applicable section 3553(a) sentencing factors, and sufficiently explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

Ramos–Sanchez also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Ramos–Sanchez's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 14–month consecutive sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors. *See* U.S.S.G. § 7B1.3(f); *Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.